## Commonwealth *versus* Cole.

A removal of a fence under a claim of right, is not within the purview of the Act of 14th April, 1851.

The use of ground by the public as a highway for more than twenty-one years, made it a public road as effectually as though it had originally been laid out by the proper authorities.

ERROR to the Common Pleas of *Carbon county*.

This proceeding was instituted by Jacob Beer against Jacob Cole, under the Act of 14th April, 1851, before a justice of the peace, and removed into the Common Pleas by appeal.

In addition to the facts stated, in the opinion of his Honour, Mr. Justice KNOX, the defendant on the trial of the cause in the court below, showed that 23 or 24 years before the trial, one Jedediah Irish owned the land on which the road is claimed, and that in clearing his land he changed the location of the road, and then offered to ask the witness, "What did Irish say was the purpose for which he opened the road at the time it was being opened?" To which defendant objected, and the court sustained the objection, and the plaintiff excepted.

The court below charged substantially that the defendant had established the existence of the road.

[Commonwealth *v.* Cole.]

The jury found for the defendant.

The plaintiff sued out this writ, and assigned for error the charge of the court and the rejection of the evidence above stated.

*J. M. Porter, Burnham,* and *M. Goepp,* for plaintiff in error.

*H. Green,* for defendant in error.

The opinion of the court was delivered by

KNOX, J.—The twelfth section of the Act of 14th of April, 1851, declares that "if any person or persons, from and after the passage of this act, shall maliciously or voluntarily break down any post and rail or other fence, put up for the enclosure of lands, and carry away, break, or destroy, any post, rail, or other material, of which such fence was built, within this Commonwealth, every person or persons so offending and being legally thereof convicted before any justice of the peace or alderman of this Commonwealth, · shall, for every such offence, forfeit and pay the sum· of $10 one half thereof to be paid to the informer, and the other half to the support of the poor, &c. &c. : provided that either of the parties shall have the right of appeal in the same manner as in civil cases."

Under this section a prosecution was brought in the name of the Commonwealth against Jacob Cole, and upon appeal was tried in the Common Pleas of Carbon county, and resulted in a verdict for the defendant.

Three errors are assigned upon the charge to the jury, and one upon the rejection of evidence.

It is scarcely necessary to examine the assignments of error in detail, for we are clearly of opinion that the case was altogether against the plaintiff in error.

The defendant was the supervisor of Lausanne township, Carbon county, and as such he directed the plaintiff's fence to be removed from across a road which had been used as a public highway for more than twenty-one years, and which had been kept in repair by the township officers at the expense of the township for several years. Before the supervisor had the fence taken down, he had caused notice to be given to the plaintiff that it must be taken out of the road, and it was only after the refusal of the plaintiff to change the fence that it was removed by the direction of the defendant. There was no evidence to charge the supervisor with malice towards the plaintiff, and even if it had appeared from the subsequent investigation that the right of the public to the road was not complete, it would by no means have followed that the supervisor was liable to the penalty given in the act under which the suit was brought. The language of the

[Commonwealth *v.* Cole.]

act is, "if any person or persons shall maliciously or voluntarily break down any post and rail, or other fence put up for the enclosure of land, and carry away, break, or destroy any post, rail, or. other material," &c. Now in the case before us there was neither a breaking down any fence, nor was there carrying away, breaking, or destroying any material of which any fence was built, but simply a removal of a fence under a claim of right. The case therefore was not within the purview of the act, and the court below would have been justified in directing a verdict for the defendant. To prevent any future controversy, it is proper for us to add, that the use of the ground by the public as a highway for more than twenty-one years, made it a public road just as effectually as though it had originally been laid out and opened by the proper authorities. The declaration of Jedediah Irish, if it had been admitted, would have had no bearing upon the case, and was consequently rightly rejected.

Judgment affirmed.