Mather-Klock, Inc., Appellant, *v.* Plymire et al.

Argued March 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Gilbert S. Parnell, Sr.,* for appellant.

*James L. Jack,* of *Jack & Jack,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, April 10, 1944:

This is an appeal from the decree of the court below dissolving a preliminary injunction. Plaintiff brought a bill to restrain the defendant's alleged trespassing over plaintiff's land, "both on foot and by automobile". It was alleged that the trespasses were "almost daily" and "without the shadow of right" and that they interfere with the plaintiff's "use and cultivation of the said field". In plaintiff-appellant's history of the case it is stated that "the use of the disputed way as an accommodation and a short-cut was occasional, intermittent and infrequent".

The court below found as facts the following: that plaintiff became the owner of the land in question by deed dated July 1, 1940, that for 33 years prior to the hearing in this case, defendant Mary Plymire, owned and occupied a parcel of land adjacent to the lands of plaintiff, that over these lands of plaintiff there exists a road or way, leading from lands of defendant to a state highway, and that "defendants notoriously, adversely and continuously used said road or way for passage on foot or by vehicle for more than 21 years prior to the institution of this proceeding and that they and their predecessors in title and others" so used this way "for more than fifty years".

To these findings of fact the court properly applied the principle of law enunciated by Chief Justice BLACK in *Garret v. Jackson*, 20 Pa. 331, as follows: "But where one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-two years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract, inconsistent with a claim of right by the other party". This principle was reiterated by the Superior Court in *Wedge v. Schrock*, 146 Pa. Superior Ct. 425. The court below further held that "plaintiff failed to meet the burden placed upon it of proving that the use of the easement had its inception on some source other than as legally presumed, and accordingly, the presumption in favor of defendants' claim stands unaffected".

There is ample testimony to support the court's findings of fact. One of the defendants, Mary Plymire, testified that she had resided for 33 years on lands adjoining the plaintiff's lands and that the disputed "road" over those lands "has been open for 33 years", that she and her family had used it, "going to the mail box most

every day" and that she and her family use this road "with their hauling". She said the road was open when she came to the neighborhood and that "prior to this time there was no objection to such use of the road". Her testimony was fully corroborated by James A. Simpson and Henry L. Lowry, each of whom had resided in that neighborhood for at least half a century. Mr. Simpson said the road in question "was open and in use by the public when he first came to know it." Mr. Lowry testified that he never heard questioned "the right of the public to use this road" though he added: "When I travelled the road I don't know as I saw or met anybody on it." On cross-examination he said he used this road "as a short-cut going over to McCalls. It was the only road I could get to them handy. People when they wanted to use it always used it". In appellant's paper book it is stated: "The disputed way over the Plaintiff-Appellant's field was used as a short-cut or accommodation for folks in that neighborhood, although little or no use had been made of said disputed way recently according to three witnesses called by the Defendants-Appellees".

Appellant contends that the use of the disputed way was permissive. It cites the testimony of Mrs. Plymire to the effect that when she first went to live on her farm "Mr. Dickie gave her permission to go over his field". If before that time the way had *not* been used by the public Mrs. Plymire's testimony would have legal significance, but as the court below found from the testimony, "the way had existed for many years, possibly 20 or more prior to the date of the alleged permission. . . . It could be argued that the so-called permission given by Mr. Dickie was in recognition of an earlier unqualified grant of which he had knowledge".

Alex Bennet who for 19 years, beginning in 1919, owned the farm on which the "way" is located testified that then "this way existed" and was "used by the neighbors". He said he "never questioned their right" to use it.

H. W. Stephens testified that he had travelled this "way" for 38 or 39 years and that it had been used by "himself and other people without hindrance up to the present time "during those 39 years".

Since there is ample evidence to support the findings of fact of the court below, the conclusion that "the defendants have by prescription acquired a legal right to use said road or way without let or hindrance by plaintiff" logically followed.

The decree is affirmed, at appellant's cost.