Steel *v.* Yocum et ux., Appellants.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*R. Merle Heffner*, with him *Robert B. Simpson*, for appellants.

*C. Jewett Henry*, with him *A. Lynn Corcelius*, and *Morris M. Terrizzi*, for appellees.

OPINION BY RHODES, P. J., June 10, 1959:

This case involves an easement by prescription. Plaintiffs, by complaint in equity, sought to enjoin defendants from interfering with the use of a roadway or farm lane extending from a public highway about two hundred feet over farm lands of defendants to plaintiffs' land and a cottage located thereon. Plaintiffs' claim to an easement is based on prescription or adverse use for over twenty-one years. Defendants' answer alleged the use of the roadway or lane was by permission of the owners of the alleged servient estate. After hearing, the chancellor made findings of fact to the effect that plaintiffs had established a right to use the roadway or lane by adverse use for more than sixty-five years prior to the action in equity. Accordingly, the chancellor entered a decree nisi enjoining defendants from interfering with plaintiffs' use. Defendants' exceptions were dismissed, and the decree nisi was made final. Defendants have appealed from the decree of the court below.

Appellants first assert that one claiming an easement by prescription must establish the date of the beginning of the adverse use in addition to all the other elements necessary to create a prescriptive right. The chancellor found on substantially undisputed testimony that the roadway or lane had been used by plaintiffs and their predecessors in title without permission of appellants or their predecessors in title, said use being open, notorious, uninterrupted, and hostile for a period in excess of sixty-five years prior to appellants' interference on August 21, 1956.

Plaintiffs in claiming an easement by prescriptive right or adverse use over appellants' land had the burden of proof to show open, continuous, uninterrupted, adverse user for the prescriptive period of twenty-one years, and that the roadway or lane was manifest and definite. *Becker v. Rittenhouse,* 297 Pa. 317, 325, 326, 147 A. 51. On the other hand, when the prescriptive right of way or easement was prima facie established, appellants had the burden of showing that the use was by permission or under contract. As stated in *Predwitch v. Chrobak,* 186 Pa. Superior Ct. 601, 603, 142 A. 2d 388, 389, quoting the leading case of *Garrett v. Jackson,* 20 Pa. 331, 335 " 'But where one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party.' " This holding has been recognized in other cases: *Pierce v. Cloud,* 42 Pa. 102; *Wedge v. Schrock,* 146 Pa. Superior Ct. 425, 22 A. 2d 305; *Brown v. McConnell,* 173 Pa. Superior Ct. 94, 96, 97, 93 A. 2d 896; *Mather-Klock, Inc. v. Plymire,* 349 Pa. 194, 36 A. 2d 802.

The prescriptive right is based upon the presumption of a lost grant (*Shinn v. Rosenberger,* 347 Pa. 504, 507, 32 A. 2d 747), and, where adverse, uninterrupted, and continuous user is shown covering the twenty-one year period, it would ordinarily be unnecessary to go further and establish the exact date of the beginning of the adverse use. As the chancellor stated in his original adjudication: "The actual time of the

inception of the easement has become enshrouded in the mists of time and death."

Appellants' second and third points are largely variations of their first proposition. Appellants' third point is that a close family relationship existed between the owners of the dominant and servient estates "at the time of the beginning of the alleged adverse user," which relationship showed that the user was not adverse but permissive. Appellants' second point, then, is that the burden of proving the "date of the beginning of the alleged adverse user" was legally upon plaintiffs, and that the chancellor erred as a matter of law when he in effect placed upon appellants the burden of showing the date of the beginning of the use in order to establish appellants' defense or permissive use between relatives. Appellants' second and third points are in substance ruled adversely to them by our statement of the law applicable to their first proposition. Having established a prescriptive right by adverse user for well over twenty-one years prior to bringing this action, plaintiffs' burden was fully met and they had no duty to go further and show the exact date when the prescriptive period began. *Garrett v. Jackson,* supra, 20 Pa. 331, 335. Thereupon, it was incumbent upon appellants to give evidence of a permissive use. " '. . . the burden is on the owners to show that the easement is used under permission or contract not consistent with an adverse use.' " *Elias v. Scott,* 164 Pa. Superior Ct. 329, 334, 64 A. 2d 508, 510. See *Garrett v. Jackson,* supra, 20 Pa. 331, 335; *Godino v. Kane,* 26 Pa. Superior Ct. 596, 598. The record titles showed that Isaac Hawn and Peter Hawn, owning both the dominant and servient estates, conveyed the dominant to Catherine Bush on April 26, 1884, and the servient to Valentine Bush on June 17, 1884. Valentine Bush was a nephew of Catherine Bush. However, these

facts standing alone in the face of plaintiffs' proof of adverse user for over sixty-five years preceding the equity action in 1956 did not by any means require a finding by the chancellor of permissive use. The use of a road over land of another without permission or objection for an uninterrupted period of twenty-one years raises the presumption of an unqualified grant, which is not rebutted by equivocal and inconsistent declarations upon the part of the defendant. *Pierce v. Cloud,* supra, 42 Pa. 102. Appellants' evidence to show permissive use was negligible, while the evidence of plaintiffs as to use was "extensive and convincing." Cf. *Klavon v. Tindall,* 180 Pa. Superior Ct. 408, 412, 119 A. 2d 554.

Plaintiffs produced numerous witnesses to establish user. A witness, aged seventy-three years at the time of the hearing, testified to the use of the roadway or lane in question by plaintiffs' predecessors since 1889, or sixty-seven years prior to the equity action. Another witness worked on the Bush farm (plaintiffs' property) and witnessed use of the easement for fifty or sixty years. Other witnesses for plaintiffs testified to use of the roadway or lane for consecutive periods well in excess of twenty-one years.

Plaintiffs' evidence fully supports the findings of the chancellor to the effect that plaintiffs and their predecessors used this roadway or lane adversely, continuously, openly, and notoriously for well over the requisite period of twenty-one years. The applicable conclusions of law and the final decree will be affirmed.

The decree of the court below is affirmed, at the costs of appellants.