## Wampler *v.* Shenk, Appellant.

Argued April 28, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

396

*Calvin D. Spitler,* for appellants.

*J. R. Whitman,* with him *L. E. Meyer,* and *Meyer, Brubaker & Whitman,* for appellees.

OPINION BY MR. JUSTICE EAGEN, June 26, 1961:

In this action in equity, defendants appeal from a decree of the court below granting plaintiffs injunctive relief.

Plaintiffs own a farm consisting of 74 acres which adjoins and is contiguous to a farm owned by the defendants consisting of 71 acres. A lane, or road, beginning at a point on Pennsylvania State Highway, No. 38004, runs in a westerly direction through a portion of the defendants' farm and continues on through the farm of the plaintiffs, terminating at a point located on Township Road, No. 515, in Annville Township, Lebanon County.

The plaintiffs filed a complaint in equity alleging that the right to use the lane, or road, had been freely enjoyed by themselves and their predecessors in title for many years; that recently, the defendants had erected a wire and other barricades across it obstructing plaintiffs' use thereof. The defendants answered asserting that the two farms involved were originally a single unit, subsequently divided and conveyed by the common owner, and that the use of the roadway

was by permissive grant and not adverse. At the hearing, defendants' counsel stated, "It is admitted the plaintiffs' predecessors in title made use of the defendants' lane and the land between the two farms for a period of more than fifty years."

The chancellor, whose findings of fact and conclusions of law were affirmed by the court en banc, found that the roadway had been used by the plaintiffs and their predecessors in title, and by the public generally, for upwards of fifty years; that such use was "adverse, notorious and hostile"; that starting in the year 1959, the defendants had obstructed passage through the lane and prevented the free use thereof by the plaintiffs; and he entered an order directing the defendants to restore the roadway to its original condition and to refrain from obstructing plaintiffs' free use thereof.

It appears that the entire farm land concerned was at one time owned by Michael Gingrich and his wife. On December 23, 1859, they conveyed that portion thereof, which is now the defendants' farm, to their son, David. On the same day, they conveyed the remaining portion to their son, William. This presently constitutes the plaintiffs' farm. The deed to David provided, inter alia: "The said David B. Gingrich, his heirs and assigns, shall have the right to water his or their cattle at the creek running through the Plantation sold by said Michael to his son William in the lane . . ." The deed to William provided, inter alia: "Said Michael also reserves the right for his son David, his heirs and assigns, to water their cattle at the creek running through the above land in the lane . . ."

It is contended that the lane, referred to in the deeds, and that now in controversy are one and the same. It is argued that the evidence in the case, when considered in connection with the above provision in the deeds, indicates a permissive use of the lane, or road, for a limited purpose; that since both portions

of the farm land were conveyed by the common grantors, at or about the same time, that legally it cannot be implied that it was the intention of the grantors to make one portion servient to the other, citing *Maioriello v. Arlotta,* 364 Pa. 557, 73 A. 2d 374 (1950). This case is inapposite. If this were an easement created by grant with a specified and limited use, it should be restricted to the use stated: *Nallin-Jennings Park Co. v. Sterling,* 364 Pa. 611, 73 A. 2d 390 (1950). If we were concerned with an easement created by implication by the common owner and grantor of both tracts, the dates of conveyance of the dominant and servient tenements would loom large in importance: *Rennyson's Appeal,* 94 Pa. 147 (1880). But the facts are not within either scope. The chancellor *refused to find that the lane referred to in the deeds was the one in litigation* and, further concluded that the defendants failed to establish that the use of the lane in question had its inception in a permissive grant. The evidence certainly justifies these conclusions. As the lower court ruled, this, therefore, is not an easement created by grant or implication, rather is it one arising by prescriptive right or adverse use.

The lower court found that the road in issue had been used adversely for upwards of fifty years, and there is an abundance of testimony to support this deduction. Findings of fact made by a chancellor who saw and heard the witnesses, which are confirmed by the court en banc, will not be disturbed on appellate review, where they are supported by adequate evidence: *Sterrett v. Sterrett,* 401 Pa. 583, 166 A. 2d 1 (1960).

As pertinently stated in *Steel v. Yocum,* 189 Pa. Superior Ct. 522, 524, 151 A. 2d 815 (1959) : "The prescriptive right is based upon the presumption of a lost grant (Shinn v. Rosenberger, 347 Pa. 504, 507, 32 A. 2d 747), and, *where adverse, uninterrupted, and continuous user is shown covering the twenty-one year*

*period, it would ordinarily be unnecessary to go further and establish the exact date of the beginning of the adverse use.* As the chancellor stated in his original adjudication: 'The actual time of the inception of the easement has become enshrouded in the mists of time and death.' . . .

"Having established a prescriptive right by adverse user for well over twenty-one years prior to bringing this action, plaintiffs' burden was fully met and they had no duty to go further and show the exact date when the prescriptive period began. Garrett v. Jackson, supra, 20 Pa. 331, 335. Thereupon, it was incumbent upon appellants to give evidence of a permissive use. ' ". . . the burden is on the owners to show that the easement is used under permission or contract not consistent with an adverse use." ' Elias v. Scott, 164 Pa. Superior Ct. 329, 334, 64 A. 2d 508, 510. See Garrett v. Jackson, supra, 20 Pa. 331, 335; Godino v. Kane, 26 Pa. Superior Ct. 596, 598. The record titles showed that Issac Hawn and Peter Hawn, owning both the dominant and servient estates, conveyed the dominant to Catherine Bush on April 26, 1884, and the servient to Valentine Bush on June 17, 1894. Valentine Bush was a nephew of Catherine Bush. *However, these facts standing alone in the face of plaintiffs' proof of adverse user for over sixty-five years preceding the equity action in 1956 did not by any means require a finding by the chancellor of permissive use.*[1] The use of a road over land of another without permission or objection for an uninterrupted period of twenty-one years raises the presumption of an unqualified grant, which is not rebutted by equivocal and inconsistent declarations upon the part of the defendant. Pierce v. Cloud, supra, 42 Pa. 102. Appellants' evidence to show permissive use was negligible, while the evidence of

---

[1] Italics supplied.

plaintiffs as to use was 'extensive and convincing.' Cf. Klavon v. Tindall, 180 Pa. Superior Ct. 408, 412, 119 A. 2d 554." See also, *Predwitch v. Chrobak*, 186 Pa. Superior Ct. 601, 142 A. 2d 388 (1958); *Mather-Klock, Inc. v. Plymire*, 349 Pa. 194, 36 A. 2d 802 (1944).

Defendants also urge that the court below erred in finding that the roadway has been continuously and adversely used by the general public for upwards of fifty years and, as a result, a public right-of-way was established. The testimony permits no other conclusion. Five witnesses, each of whom have lived in the vicinity for a period of more than forty years, all testified that the road has been open for and used by the public generally as long as they can remember. No testimony to the contrary was offered. One of the defendants testified that until very recent years anyone could drive over it. He himself used it before acquiring title to the farm. The argument that this issue was not adequately raised by the pleadings is without merit.

Undoubtedly the public can acquire an easement by prescription. If as here the owner leaves his land open and permits the public to make a pathway over it and use it for travel for a period of more than twenty-one years, he makes it a public right-of-way as effectively as if it had been laid out by the proper authorities. See *Commonwealth v. Cole*, 26 Pa. 187 (1856); *Mather-Klock, Inc. v. Plymire*, supra; *Wedge v. Schrock*, 146 Pa. Superior Ct. 425, 22 A. 2d 305 (1941).

Finally defendants insist that regardless they have the right to erect a fence and gates across the roadway or to utilize other reasonable enclosures, citing *Nickels v. Cornet Band (No. 1)*, 52 Pa. Superior Ct. 145 (1912); *Taylor v. Heffner*, 359 Pa. 157, 58 A. 2d 450 (1948); *The Haig Corp. v. Thomas S. Gassner Co.*, 163 Pa. Superior Ct. 611, 63 A. 2d 433 (1949), and similar authorities. These cases all concern easements involving a private right-of-way. They do not apply to

established public right-of-ways. In such instances other considerations necessarily prevail.

Decree affirmed. Each side to pay their own costs.