Bennett et al., Appellants, *v.* Shellenberger.

Argued September 15, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and SPAULDING, JJ. (HOFFMAN, J., absent).

*Carl Rice,* for appellants.

No argument was made nor brief submitted for appellees.

OPINION BY ERVIN, P. J., November 17, 1966:

This is an appeal by the plaintiffs from a declaratory judgment entered in the court below. No argument was made nor brief submitted by the defendants.

The facts as they appear in the opinion of the court below are as follows: On December 26, 1963, David E. Kuhns and Marjorie Kuhns, his wife, plaintiffs, brought an action in equity against Myles L. Young, defendant, seeking to restrain the defendant from re-

moving a fence which the plaintiffs had erected across the road in question.

On the same date Daniel R. Bennett and Helen M. Bennett, his wife (hereinafter referred to as the Bennetts), and David E. Kuhns and Marjorie Kuhns, his wife (hereinafter referred to as the Kuhns), brought an action at law in the form of a petition for a declaratory judgment against Glenn M. Shellenberger and Vivian E. Shellenberger, his wife (hereinafter referred to as the Shellenbergers), and Myles L. Young and E. Mae Young, his wife (hereinafter referred to as the Youngs). This petition sought an adjudication of the rights of the parties to the use of the said road.

In the equity action the defendant filed preliminary objections averring that the plaintiffs had a full and complete remedy at law, and, after argument, the court below ordered that the complaint in equity be certified to the law side of the court to be consolidated for trial with the issues raised in the declaratory judgment action.

The plaintiffs, the Bennetts, are the owners of a tract of land containing approximately one acre, which is located along the northern side of Legislative Route No. 59023, which is commonly known as the "Pleasant View Road." This tract is a portion of a larger tract of land which was purchased by the Bennetts from John G. Bennett by deed dated August 2, 1949.

The adjoining property along the northern side of Pleasant View Road to the west is owned by the defendants, the Shellenbergers, who held title by virtue of a deed from Franklin A. Yocum et ux., dated July 19, 1961. This tract contains three acres and fifty-four perches.

The other plaintiffs, the Kuhns, the Bennetts' daughter and son-in-law, are the owners of a 12.35 acre tract, adjoining the northern line of the Bennetts' property. This tract was purchased by them on August

18, 1962, from the Bennetts, and was a part of the larger tract of land which the Bennetts purchased in 1949 from John G. Bennett.

Adjoining the Kuhns' tract still further to the north is the property of the Youngs. The Young tract was purchased from the Federal Land Bank of Baltimore by deed dated August 13, 1940 and contains sixty-nine acres and nine perches.

There are dwellings and outbuildings on all four tracts which are occupied and used by the respective parties and their families. There is no reference to the road in any of the deeds.

The road begins at a point along the Pleasant View Road and extends in a northerly direction between the Bennett and the Shellenberger properties, partly on the western portion of the Bennett land and partly on the eastern portion of the Shellenberger land, then extends over the Kuhns' property to the Young property, and continues in a northeasterly direction until it intersects the highway from the Highland Cemetery to New Columbia.

The controversy had smouldered for years but burst into flame when, on August 5, 1963, the Bennetts sent a written notice to the Shellenbergers advising them that the use of the road over the Bennett property had in the past been a mere permissive use, and that this use was cancelled as of November 1, 1963. Also on August 5, 1963, the Bennetts and the Kuhns sent a written notice by certified mail to the Youngs, advising them that their use of the road constituted a trespass which, if persisted in, would result in court proceedings to restrain such use.

At about the time these notices were sent by the plaintiffs to the defendants, the Bennetts fenced in approximately eight feet of the road from the Pleasant View Road along the western portion of their property for a distance of approximately sixty feet, and the

Kuhns erected a fence or barrier across the road to prevent its use by the Youngs.

Testimony was taken before KALP, P. J., who entered a declaratory judgment that for at least fifty years prior to the institution of these actions there has been a manifest and definite road from the lands of the Shellenbergers and Bennetts north over lands of the Kuhns to lands of the Youngs, which has been used by the parties, their predecessors in title and the public; that the Bennetts have no legal right to maintain a fence enclosing a portion of the road and that the Kuhns have no right to erect a barrier or fence across the road. The plaintiffs have appealed from that judgment.

In *Steel v. Yocum,* 189 Pa. Superior Ct. 522, 151 A. 2d 815, we had occasion to consider this question and we reviewed the prior cases on the subject. We held: "Plaintiffs in claiming an easement by prescriptive right or adverse use over appellants' land had the burden of proof to show open, continuous, uninterrupted, adverse user for the prescriptive period of twenty-one years, and that the roadway or lane was manifest and definite. Becker v. Rittenhouse, 297 Pa. 317, 325, 326, 147 A. 51. On the other hand, when the prescriptive right of way or easement was prima facie established, appellants had the burden of showing that the use was by permission or under contract."

In *Wampler v. Shenk,* 404 Pa. 395, 172 A. 2d 313, the Supreme Court followed and quoted extensively from the *Steel* case. It went on to say, at page 400: "Undoubtedly the public can acquire an easement by prescription. If as here the owner leaves his land open and permits the public to make a pathway over it and use it for travel for a period of more than twenty-one years, he makes it a public right-of-way as effectively as if it had been laid out by the proper authorities. See Commonwealth v. Cole, 26 Pa. 187 (1856); Mather-

Klock, Inc. v. Plymire, supra; Wedge v. Schrock, 146 Pa. Superior Ct. 425, 22 A. 2d 305 (1941)."

The latest case on the subject, *Margoline v. Holefelder*, 420 Pa. 544, 218 A. 2d 227, did not change the law but the case was remanded for further testimony because the trial judge had refused to admit certain relevant testimony. In the present case the court below properly applied the principles set forth and found that the defendants had sustained the burden of proof by sixteen witnesses, whose testimony clearly indicated that the road had been used by the defendants, their predecessors in title and the general public without asking leave and without objection for an uninterrupted period of more than fifty years, which shifted the burden to the plaintiffs to show that the use had been by permission or under contract, which they were unable to do. This question was clearly a matter of fact for the trier of the facts, in this case the trial judge, and the record amply sustains the conclusion of the court below.

Had this been a case solely between the Bennetts and their next door neighbors, the Shellenbergers, the plaintiffs' argument would have had more weight but the line between the properties was a part of the through road from the Pleasant View Road to the New Columbia Road and the Shellenbergers are entitled to the same use of it as has been acquired by the general public.

Judgment affirmed.