## Miller *v.* Lynch et al., Appellants.

*Injunction—Trespass of a permanent nature.*

A court of equity will interfere to restrain by injunction a trespass of a permanent nature : Masson's Appeal, 70 Pa. 26.

*Establishing right at law.*

Where plaintiff's right is clear it is not necessary that it should have been first settled at law.   To stay the arm of a chancellor it is not enough for the defendant to deny the plaintiff's right, his denial must be based upon facts which show a substantial dispute.

In this case the defendant was enjoined from building over an alley.

Argued March 28, 1892.   Appeal, No. 138, Jan T., 1892, by defendants, John C. Lynch and Elizabeth J. Lynch, from decree of C. P. Phila. Co., June T., 1887, No. 1197, enjoining defendants at the suit of Robert Miller, plaintiff.   Before PAXSON, C. J. GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill for an injunction to restrain defendants from building over an alley.

An answer having been filed, the case was referred to George F. Munce, first as examiner and then as master.   The facts appear by his report as master, which was as follows :

" On September 12, 1887, a bill in equity was filed by plaintiff, complaining :

" That he was the owner of premises on south side of Titan street, one hundred and fifty-one feet west of Sixteenth street, in the city of Philadelphia, containing in front sixteen feet on Titan street and in depth fifty-four feet, including the northernmost moiety or half part of a four feet wide alley, running eastward to another four feet wide alley, leading northward into Titan street, which said alleys are to be and remain open and unbuilt over at all times hereafter forever.

" That defendants were building over and above the last mentioned four feet wide alley, thereby interfering with and destroying plaintiff's free and unrestricted use and enjoyment of said alley.

" That upon the filing of this complaint an injunction was granted commanding defendants not to erect or build over the alley mentioned.

" Upon October 1, 1887, the special injunction was dissolved.

\*     \*     \*     \*     \*     \*     \*     \*

" The following facts can be readily deduced from the testimony offered :

" That plaintiff was the owner of a lot of ground above described, having obtained the same by deed from Elizabeth Faith, dated February 18, 1869, duly recorded, who was the grantee of Owen Morris by deed dated October 20, 1868, duly recorded, who was the grantee of James S. Huber by deed dated January 3, 1868, duly recorded; which said deeds all recite (inter alia) that the said alleys are to be and remain open and unbuilt over at all times hereafter forever.

" That by deed dated January 6, 1864, duly recorded, Henry S. Hagert, trustee, under proceedings in partition, granted and conveyed to James S. Huber, in fee, a large tract of land, part of which by subsequent conveyances vested in the plaintiff.

" That by deed dated October 1, 1860, duly recorded, James S. Spencer granted and conveyed to James Moore, another large tract adjoining the above upon the east, a part of which by subsequent conveyances vested in the defendant.

" That these parties, Huber and Moore, and other owners of adjacent properties owning adjoining and irregular lots, met together for the purpose of having their lines fixed. Mr. Huber was present. Mr. William Moore and son, owners of the adjoining property, ground in question, were present. The lines were surveyed and fixed, and plans made of the same. The lines were deemed satisfactory and agreed upon, and then the ground was laid out in building lots, and the Huber property, or Huneker estate, put up for sale, according to the plan then made, a copy of which is hereto annexed. In the survey made the easternmost line of the Huneker estate was fixed at ninety-nine feet east of Sixteenth street, and running parallel therewith at which time the said alleys were laid out, and in all the conveyances subsequent thereto coming from the Huneker estate, through James S. Huber, down to the present plaintiff, the deeds recite as follows: ' The said two four feet wide alleys are to be and remain open and unbuilt over, at all times hereafter forever, for the use and accommodation of the lots bounding thereon.'

" That in January, 1868, Owen Morris, a contractor and

builder, erected upon Titan street fourteen dwellings, bounded upon the south by a four feet wide alley, extending eastwardly and adjoining another four feet wide alley leading northward into Titan street. This last described alley is the one in question. From that time in 1868 until September 12, 1887, the alleys were in possession and use by the owners of said properties, open and uninterrupted.

" Early in September, 1887, one of defendants called upon the surveyor in reference to the lines to build by. ' I laid him off a lot ten feet front, at the distance of eighty-nine feet west of Sixteenth street, in depth southward fifty-four feet.' The surveyor further testified : ' I notified Mr. John C. Lynch that he could not go beyond the line I gave him, and could not build over that alley.' He was fully aware of this fact before he began to build. He has since built over the alley in question.

" A part owner with Lynch, one of the defendants, Thomas Grinnan testified : ' At the time of the purchase we knew of the existence of the alley now in dispute, a four feet wide alley west of our lot. Before we started, probably a month or so before we bought, we measured off the ground, and thought we were purchasing a certain number of feet up to that alley, I think ninety-nine feet or whatever the space was up to that alley.'

" The defendants deny that their westernmost boundary is the four feet wide alley mentioned, and claim that they are the owners, under the original Moore deed, to a fourteen feet lot, beginning at the distance of eighty-nine feet westward from the west side of Sixteenth street. In support of their claims they have offered in evidence their title to said property. No such claim was ever made during the lifetime of James Moore, nor by the trustees of his estate, the Pennsylvania Company for Insurances on Lives and Granting Annuities, etc.

" It appears from the uncontradicted evidence of Thomas Grinnan, who was a part owner, and also from the testimony of the surveyor and regulator of the district, Thomas Daly, that the defendants had thorough knowledge of the existence of the alley, purchased the ground with that knowledge, and had planned to erect the building without infringing upon the alley in question.

" In view of these facts and the fact of the plaintiff having derived not only by contract, but from ancient possession, the

right of the alley in question to ' be and remain open and un-built over at all times hereafter forever,' the master is of opinion that a court of equity has jurisdiction, because the injury would be permanent, and not reparable by an action of damages or ejectment. In Masson's and Besanson's Appeal, 70 Pa. 26, the Supreme Court held that 'it is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature;' and in Rhea v. Forsyth, 37 Pa. 503, 507, referring to Biddle y. Ash, 2 Ashmead, 211, the court says : 'In this last case 'Judge KING said a court of equity will interfere and by injunction protect the clear rights of a suitor, derived either from contract or ancient possession, against a nuisance produced by the erection of a building by his neighbor which darkens his window or destroys his right of way.'

" On the whole, the master is of the opinion that the case is included in the equity powers conferred by the act of June 16, 1836."

Exceptions filed to the master's report were, among others, as follows :

" XII. In finding that the injury caused by the erection of said building over the soil of said alley is permanent and not reparable by an action of damages or ejectment.

" XIII. The learned master erred in his conclusions of law in reporting that a court of equity has jurisdiction of this cause, and in concluding that this case is included in the equity powers conferred by the act of June 16, 1836.

" XIV. In not reporting that the title to the soil of the alley in dispute was at least in controversy and doubt, and relegating the parties to their action at law to determine the ownership of same.

" XV. In not reporting that plaintiff's bill should be dismissed for want of jurisdiction and merit."

The court below dismissed the exceptions and entered the following decree :

" And now, to wit, November 14, 1891, the court, upon motion of James Alcorn, attorney for complainant, order and decree that judgment be entered in favor of the said plaintiff, Robert Miller, and that the said Elizabeth J. Lynch and John C. Lynch be enjoined and ordered to take down and remove the building or structure, or so much thereof as is erected or constructed over the four feet wide alley running into Titan

street and west of Sixteenth street, and adjoining the property of the said defendants, as mentioned in the bills, and that the said defendants be restrained and enjoined from erecting or constructing any building over said alley, and that the defendants pay the costs of the proceedings."

*Errors assigned* were (1–9) dismissal of exceptions to the master's findings of fact, quoting them; (10–13) dismissal of exceptions as above, quoting them; (14) not sustaining the exceptions to the master's report; (15) granting and entering the decree as above, quoting it.

*James E. Gorman,* for appellants.

*James Alcorn,* not heard, for appellee.

PER CURIAM, April 18, 1892:

Most of the specifications of error are to the findings of fact by the master. These findings were approved by the court below and have not been shown to be erroneous. The facts as found fully justify the decree. In the twelfth specification, however, it is alleged that the court erred in dismissing the following exception to the master's report. " In not reporting that the title to the soil of the alley in dispute was at least in controversy and doubt, and relegating the parties to their action at law to determine the ownership of same." We are in no doubt as to the jurisdiction of the court. The injury complained of was of a permanent nature, and not reparable by an action of damages or ejectment. It is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature: Masson's Ap., 70 Pa. 26. The appellants allege, however, that the plaintiff's right should have been first settled at law. This would be so if there was a serious dispute in regard to it. Where his right is clear, however, a chancellor will not hesitate to act. It is not enough for the defendant to deny the plaintiff's right; his denial must be based upon facts which show a substantial dispute. The facts found by the master show that the plaintiff's right to the use of this alley in the manner claimed by him was entirely clear. It would have been useless to send the case to a jury to settle a question of fact which is not of a tangible nature.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.