## Miller, Appellant, *v.* Houseworth.

Argued November 16, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Archibald M. Matthews,* with him *J. William McIntyre,* for appellants.

*Paul A. Koontz,* for appellees.

OPINION PER CURIAM, December 29, 1956:

Appellants are the plaintiffs in a proceeding in equity seeking reformation of a deed on the ground that the deed from the plaintiffs Sulva C. Miller (also known as Sylvia C. Miller) and Avery L. Miller, her husband, to the defendants Mearil G. Houseworth and Naomi G. Houseworth, husband and wife, included by mistake a parcel of land not intended by the parties thereto to be conveyed, and which the Millers, it was claimed, had previously contracted to sell to the plain-

tiffs Luther Melius and Mildred Melius, his wife. The parcel in dispute adjoins the rear of a lot owned by Mrs. Melius and acquired by her before her marriage when she was Mildred Caruthers. This lot is referred to in the opinion of the chancellor as the "Mildred Caruthers lot". The defendants filed an answer and new matter to the plaintiffs' complaint and plaintiffs filed an answer to the new matter. Thereafter the case was heard by President Judge SNYDER, sitting as chancellor, who made findings of fact, conclusions of law and entered a decree nisi in favor of the defendants. After argument, exceptions filed by plaintiffs were dismissed by the court en banc and the decree nisi was entered as a final decree. This appeal followed.

We have carefully reviewed the record, and the decree of the court below is affirmed on the following portion of the chancellor's adjudication:

"This suit was instituted to reform a deed on the ground that by mistake it conveyed more land than either the grantors or grantees intended. Sulva C. Miller and Avery L. Miller, her husband, two of the plaintiffs, were the owners of a tract of land situate in Snake Spring Township, along the north side of the Lincoln Highway. They contend that for some time prior to 1947, they had leased a small portion of this tract to Mildred Melius and on January 31, 1947, entered into a written agreement of sale of the same to Mildred Melius and Luther Melius, her husband; that on February 1, 1949, when they executed and delivered a deed to Meairl C. Houseworth and Naomi G. Houseworth, his wife, for a tract of land containing 79.89 acres, it included by mistake, the parcel which they had agreed to sell to Mr. and Mrs. Melius, and which they did not intend to sell to the Houseworths. Mildred Melius and Luther Melius, her husband, the other

plaintiffs, contend that they were visibly in possession of the parcel in question under an oral lease and had an agreement of purchase prior to the sale to Houseworths; that they received a deed to the land in question from the Millers, subsequent to the sale to the Houseworths.

"Meairl C. Houseworth and Naomi C. Houseworth, his wife, two of the defendants, contend that they got only what they paid for; that there was no mistake in the deed; that they had no knowledge of the alleged possession of Mildred Melius or an agreement of sale at the time of purchase; that they have entered into a written agreement to sell a part or all of the land in dispute to William R. Thompson and Mary F. Thompson, his wife, the other defendants, and that they have constructed a valuable house and other outbuildings thereon.

"It is apparent from the evidence produced that a mistake or error was made in the draft and deed in relation to the courses and distances making up that part of the southern boundary of the tract of land conveyed to the Houseworths where it adjoins the Mildred Caruthers lot. It appears that the mistake arose out of information supplied to the surveyor and to the scrivener of the deed by the grantors. The lot owned of record by Mildred Melius fronts 264 feet on the Lincoln Highway and extends back to the north at the same width a distance of 330 feet. The courses and distances in the draft and deed increase the width from 264 feet to 295 feet, and reduce the length from 330 feet to 295 feet. There was no intent of the parties to include any part of this lot or of the Meyers lot on the east in the survey and deed or to except a strip of land 31 feet wide and 35 feet long at the northeast boundary of the Melius lot. Neither party has advanced any

argument concerning this error. It is the opinion of the court that the deed should be reformed to correspond to the plain intent of the parties relative to these parcels of land.

"The real controversy concerns a parcel of land 264 feet in width and 100 feet in length adjoining the Mildred Caruthers lot at the rear or north boundary thereof. Should the deed be further reformed to exclude this parcel of land? We are of the opinion that it should not be so reformed. There existed no mutual mistake or error as to that parcel.

"The burden is on the plaintiffs to produce clear and positive proof that a mistake existed not only on the part of the plaintiffs but also on the part of the defendants. It is not enough for the plaintiffs to show that they made a mistake in conveying more land than they intended to; they must go further and show that the mistake was mutual, that neither the sellers nor the buyers intended that the deed convey all of the real estate described therein. In the case of *Bosler v. Sun Oil Company*, 325 Pa. 411, 420, 421, it was said by way of quotation: 'A person who seeks to rectify a deed on the ground of mistake must establish in the clearest and most satisfactory manner, that the alleged intention to which he desires it to be made conformable continued concurrently in the minds of all parties down to the time of its execution.' 'Equity will not grant relief in cases of mistake (of fact) except on very clear proof.' Ridgway's Account, 206 Pa. 587, 590.

"The mistake to be rectified, must be mutual, existing in the minds of both parties. No written instrument can be reformed on proof of a mistake, unless it be a mistake of both parties . . . It is mutual mistakes only which make a contract reformable in equity. *Bos-*

*ler v. Sun Oil Company,* supra; *Cooper v. Farmers' Mutual Fire Ins. Co.,* 50 Pa. 299, 307.

"In order to show that a mistake existed and that they did not intend to convey the land in question to the defendants, the Millers offered in evidence a deed from Sylvia C. Miller and Avery L. Miller, her husband, to themselves as tenants by the entireties, dated February 6, 1946, and point to the recital which includes among others the name of 'Melius' as being the owner of a parcel of land which was excepted and reserved. However, it was admitted that Mildred Melius did not own the land at that time nor had she agreed to buy it. Further, there was the possibility that the word 'Melius' referred to other land then owned and occupied by her and not to the land in dispute. Further, the Houseworths had no knowledge of this deed as it was not recorded until 1954, which was 5 years after the sale to them, and there is no evidence that it was exhibited to them before the sale. In fact, the Millers specifically omit this deed in the recital of title of their deed to the Houseworths.

"The Millers offered in evidence a page of notebook paper purporting to be an agreement of sale of the lot in question to Luther Melius and Mildred Melius, dated January 31, 1947, and signed by Sylva C. Miller and Avery L. Miller. The description contained in this paper, if it be accepted at face value, is insufficient to identify or locate the land involved. It was neither recorded nor called to the attention of the Houseworths prior to the sale in question. It could not stand as an agreement of sale and it has no evidentiary value in showing the intent of the Millers at the time of the sale to the Houseworths.

"The Millers point to their deed to Mr. and Mrs. Melius, dated July 22, 1953, as showing their intent

not to convey the land in question to the Houseworths in 1949. That deed makes no reference to the purported agreement of sale. It is not evidence of the intent of the Millers in making the Houseworth deed in 1949, four years before.

"Mrs. Miller testified that she told Mr. Houseworth prior to the sale that the lot owned and occupied by Mr. and Mrs. Melius was not to be included in the sale. This is denied by Houseworth. We are unable to find from the evidence clear and convincing proof that the lot in question was fenced or in the possession of Mr. and Mrs. Melius at that time. There was conflicting evidence as to the fences, when they were erected, who erected them, what ground they enclosed, and the use that was made of the land. We have found that the alleged fences and use of the land were not such as to put the defendant on notice that some other than the Millers had an interest in the land at the time of sale.

"It is admitted by the plaintiffs that they did not point out to the defendants the location of the land in dispute at the time of survey or at any other time prior to sale. They contend that they advised the surveyor of the agreement of sale of the land in dispute to Melius and pointed out the location of that land to him. This is denied by the surveyor. He testified that he made the draft over the information received by him from the Millers and he was not informed that they intended to reserve the land in dispute. They further contend that they advised Attorney Minnich before the deed was made that this land was not to be included in the Houseworth deed. This was not corroborated by Attorney Minnich since he was not called as a witness although he was available. In any event, such instructions, if given to the surveyor and attorney, would not be binding upon the defendants as there is no evidence

that they had knowledge of them. Furthermore, the surveyor and the attorney were not employed by or acting as agents for or on behalf of the defendants. They were employed by the plaintiffs and received all of their instructions from them.

"It is quite clear that if any mistake existed, it is attributable to the Millers, the grantors. After the draft and deed had been prepared, they read the deed at the office of their attorney and, if they did not understand the description by courses and distances, they had the draft which they could have followed, if they did not. It is quite obvious from even a casual glance at the draft that it did not exclude the land now in dispute. It is quite inescapable that due vigilance on their part would have yielded timely discovery of the alleged error. It has been held that if a party who can read will not read a deed put before him for execution, he is guilty of supine negligence, which is not the subject of protection either in equity or at law. See *Bosler v. Sun Oil Company*, supra.

"If there was a mistake, it was not a mutual mistake. Even if the grantors did not intend to convey the land in dispute, there is no evidence to prove that the grantees did not intend said land to be included in the deed. They knew nothing of the instructions to the surveyor and to the attorney. They were not taken on the ground and advised that the lot in question was to be excluded. There was no credible evidence of a survey or fence on the land which separated it from the remainder of the tract or indicated that it was being used or was in possession of some one other than the grantors. After receiving their deed, the defendants made a road across the land in dispute and hauled timber across it without objection from anyone. Four years after purchase, they went upon the land, laid out

a lot which took in at least a major part of the land in dispute and began the erection of a house thereon. This was obviously done under the impression that they had bought it along with the remainder of the tract.

"It has been consistently held that 'When the issue is a mutual mistake and reformation of a written instrument is asked for, it must clearly appear by the testimony of witnesses who distinctly remember the facts that a mistake was made and that the writing does not express the agreement. The testimony must be clear, precise and indubitable, and of such weight and directness as to carry conviction to the mind'. *Bosler v. Sun Oil Company,* supra; *Graham v. Carnegie Steel Co.,* 217 Pa. 34, 37; *Waslee v. Rossman,* 231 Pa. 219, 231. The testimony produced by the plaintiffs does not meet those standards. It is insufficient to establish such a mutual mistake as would justify the court in entering a decree of reformation of the deed affecting the parcel in dispute.".

Decree affirmed at the cost of appellants.