Kurman, Appellant, *v.* Philadelphia.

Argued November 16, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph A. Malloy, Jr.,* with him *Hamilton, Darmopray & Malloy,* for appellants.

*Matthew W. Bullock, Jr.,* Deputy City Solicitor, with him *Gerald Gornish,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellees.

OPINION PER CURIAM, January 12, 1965:
Plaintiffs-appellants filed a complaint in equity seeking to restrain defendant City from interfering with certain alleged property rights; defendants preliminarily objected on the ground that plaintiffs failed to state a cause of action. The lower court sustained the position taken by the defendants and dismissed the

complaint, from which action plaintiffs appeal to our Court.[1]

At oral argument, it was acknowledged that the purpose of the action instituted by plaintiffs was to have a determination made by the court in equity to establish whether or not plaintiffs had a perpetual right-of-way over land purchased by defendants from a third person, from which land plaintiffs have been excluded and for which they desire compensation.

Equity was not the proper forum to try such issues, because there is an appropriate statutory remedy which must be pursued. *Schwab v. Pottstown Borough,* 407 Pa. 531, 180 A. 2d 921 (1962). So that plaintiffs should not be prejudiced by any prior judicial determination, in their pursuit of compensation before a board of view for the alleged seizure of property rights, the decree of the lower court is vacated without prejudice.

Decree vacated. Costs on appellants.

---

[1] It appears from the opinion of the lower court that its decision was based upon the alternative grounds (1) that under the Act of April 8, 1846, P. L. 272, §1, 17 P.S. §299, it had no jurisdiction to grant an injunction against the erection of public works "until the questions of title and damages shall be submitted, and finally decided by a common-law court. . . ." or (2) that plaintiffs' only interest in the property was "a license at will which was terminated. . . ." We express no opinion on the propriety of either of these grounds.