Wenrich *v.* Miller, Appellant.

Argued May 26, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Christian R. Gingrich,* for appellants.

*Thomas A. Ehrgood,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, June 30, 1965:
George W. and Hilda E. Wenrich owned lots in a plan of lots with Harvey R. and Mary S. Miller. For years the Wenriches made use of a 30-foot wide roadway known as Joyce Street, located within the plan, as a means of ingress, egress and regress. On November 18, 1963, the Millers, defendants here, placed obstructions across the roadway to prevent the Wenriches and others from using Joyce Street.

The Wenriches (and a Mr. and Mrs. Heilman, as to whose case there has been no appeal) filed an action in equity against the Millers asking the court to restrain them from interfering with their (the Wenriches') use of the roadway. In their complaint the Wenriches made no reference to the ownership of the roadbed in question, claiming only a right of easement over the controverted land. In their description of the Wenrich lots they showed title in the roadbed to be in the Millers.

The court, however, declared a mistake in the defendants' deed, held that the 30 feet of land in question were erroneously included in the Miller deed, and that, therefore, the 30 feet were laid out by the common grantor as a roadway for the use of all those buying lots in that plan of lots.

The court had no jurisdiction in equity to determine the defendants' title to the roadbed. It is only where there is no substantial dispute on the subject that equity can determine legal title to real property: *O'Dwyer v. Ream*, 390 Pa. 474. See also *Kurman v. Phila.*, 416 Pa. 376, where we said: "Plaintiffs-appellants filed a complaint in equity seeking to restrain defendant City from interfering with certain alleged property rights; defendants preliminarily objected on the ground that plaintiffs failed to state a cause of action. The lower court sustained the position taken by the defendants and dismissed the complaint, from which action plaintiffs appeal to our Court.

"At oral argument, it was acknowledged that the purpose of the action instituted by plaintiffs was to have a determination made by the court in equity to establish whether or not plaintiffs had a perpetual right-of-way over land purchased by defendants from a third person, from which land plaintiffs have been excluded and for which they desire compensation.

"Equity was not the proper forum to try such issues, because there is an appropriate statutory remedy which must be pursued. Schwab v. Pottstown Borough, 407 Pa. 531, 180 A. 2d 921 (1962). So that plaintiffs should not be prejudiced by any prior judicial determination, in their pursuit of compensation before a board of view for the alleged seizure of property rights, the decree of the lower court is vacated without prejudice."

Thus, the court committed error in reforming the defendants' deed by striking therefrom the 30 feet over which the plaintiffs had merely claimed an easement and as to which they had not raised any question as to the defendants' title. To reform the deed, on the ground of mistake, as the court below did, the mistake would have to have been a mutual one and it would have had to be proved by clear, precise and convincing evidence. *Miller v. Houseworth,* 387 Pa. 346. There was no such evidence in this case. As stated in the *Miller* case: " 'It has been consistently held that "When the issue is a mutual mistake and reformation of a written instrument is asked for, it must clearly appear by the testimony of witnesses who distinctly remember the facts that a mistake was made and that the writing does not express the agreement. The testimony must be clear, precise and indubitable, and of such weight and directness as to carry conviction to the mind". . . . The testimony produced by the plaintiffs does not meet those standards. It is insufficient to establish such a mutual mistake as would justify the court in entering a decree of reformation of the deed affecting the parcel in dispute.'."

In *O'Dwyer v. Ream,* supra, we said: "Appellant further contends that equity has no jurisdiction to try title to land, or to fix boundaries. In Richmond v. Bennett, 205 Pa. 470, 55 A. 17, in a section quoted or

paraphrased with approval in Pittsburgh v. Pittsburgh & Lake Erie Railroad Co. et al., 263 Pa. 294, 301, 106 A. 724; Onorato v. Carlini et al., 272 Pa. 489, 493, 116 A. 387; and in Hunter v. McKlveen, Prothonotary et al., 353 Pa. 357, 361, 45 A. 2d 222; the following appears at p. 474: '. . . It is true that in actions respecting real property, where the plaintiff's right has not been established at law or is not clear, he is generally not entitled to remedy by injunction; but where in a proceeding in equity, the plaintiff's title is clear, and all the evidence relating to it is of such a character that a judge in a trial at law, upon the same evidence, would not be at liberty to submit the question of the plaintiff's title to the jury, equity will grant relief although there has been no adjudication of the title at common law: Edgett v. Douglass, 144 Pa. 95; Manbeck v. Jones, 190 Pa. 171.' "

For the reasons above stated the court below was bound by the legal descriptions of the lots of land involved. They described a plan of lots laid out by a common grantor. These descriptions, plus the physical appearance of the lots, as shown by the record, left no room for dispute that the common grantor had intended to give the right of easement—ingress, regress and egress—over the land to those purchasing lots in the plan, even though he may have conveyed the title to the roadbed to the Millers.

The decree of the court, therefore, is affirmed solely on the ground that the evidence is clear that the plaintiffs are entitled to an easement over the roadway and that the defendants may not interfere with the use of such easement.

Each party to bear own costs.

Mr. Justice ROBERTS concurs in the result.