Trimble Services, Inc., Appellant, *v.* Franchise Realty Interstate Corporation.

334

Argued September 27, 1971.   Before JONES, EAGEN,
O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Robert S. Glass,* for appellant.

*Louis F. Silhol* and *Alan Holsinger,* with them *Holsinger & Clark,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, December 20, 1971:

We are presented with the question of whether appellant's bill in equity was the proper form of action. We affirm the Chancellor's determination that an action at law was the proper form of action for appellant, but we modify the decree of dismissal so as to provide for the transfer of the matter to the law side as required by Rule 1509(c) of the Pennsylvania Rules of Civil Procedure.

This controversy comes to us from the sustaining of appellees' preliminary objections and the dismissal of the complaint. It is settled that in an appeal from the upholding of preliminary objections by a defendant in the nature of a demurrer, every well pleaded material fact set forth in the complaint and every inference reasonably deducible therefrom is admitted for purposes of appeal. *Mellon Square Garage, Inc. v. Public Parking Authority of Pittsburgh,* 442 Pa. 229, 275 A. 2d 654 (1971); *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A. 2d 443 (1969); *DiBelardino v. Lemmon Pharmacal Co.,* 416 Pa. 580, 208 A. 2d 283 (1965); *Weber v. Bell Tel. Co. of Pa.,* 415 Pa. 292, 203 A. 2d 554 (1964). The following pertinent "facts" can be inferred from the complaint. For ease of reference, we will set out a schematic diagram of the land and easement in question. The sketch is meant to serve only as a descriptive aid; it is not drawn to scale, nor is it meant to represent the precise relative location of the plots of land.

At one time the McCreary family owned most of the land surrounding the disputed easement. On April 18, 1966, the McCreary heirs conveyed approximately 2.147 acres of land (tract C) to the McCreary Tire and Rubber Co. In the same deed, the heirs conveyed the use of a right-of-way (tract E) to the Tire and Rubber Co. in the following language: "THERE IS FURTHER GRANTED AND CONVEYED by the operation of this deed unto grantee, its successors and assigns, the full, free, liberty and right at all times hereafter, forever, to have and use a right-of-way 50 feet wide extending from Pennsylvania Highway Traffic Route No. 286 along line of Richard J. Rezzola and along private road presently in existence, in a Northerly direction to the Western line of Tract No. 2 [tract C] above described, for any and all purposes jointly with grantors, their heirs and assigns, connected with the use and occupation of Second Tract above described, and the larger tract of land of which Tract No. 2 was a part owned by grantors herein,

said right-of-way being more specifically hereinafter described as follows: . . ."

Subsequently, on November 1, 1968, appellant Trimble Services, Inc., purchased tract D, which consists of approximately 20 acres, from the McCreary heirs. The easement was described in the applicable deed as follows: "Grantee, its successors and assigns, shall have the right to the use of the 50-foot right-of-way on the East side of the above described tract as it extends from Traffic Route No. 286 to land of McCreary Tire & Rubber Company, said use to be joint between grantee, its successors and assigns, and McCreary Tire & Rubber Company, its successors and assigns, with joint maintenance and upkeep between the users thereof."

A series of transactions concerning the easement then commenced which appellant seeks to set aside.* On April 9, 1970, the McCreary Tire and Rubber Company entered into an "agreement" with Evergreen Motors, Inc., (the then owners of tract B) purporting to convey to the latter: ". . . and to their successors and assigns the full free liberty and right at all times hereafter, whatever to have and use the Right of Way fifty (50) feet in width, extending from Pennsylvania Highway Traffic Route 286 along line of lands of the Grantee herein, said Right of Way being more specifically described as follows; . . ." Evergreen Motors was to have full use of the right-of-way,

". . . said use to be joint between Grantee, its successors and assigns and McCreary Tire & Rubber Com-

---

* On July 9, 1969, the McCreary heirs conveyed the actual land burdened by the easement (tract E) in fee to the McCreary Tire & Rubber Company. The deed contained a limitation concerning appellant's easement, to the effect that: "This conveyance is under and subject to such rights as have been granted to Trimble Services, Inc., and McCreary Tire & Rubber Company for the use of subject premises." Appellant does not seek to challenge this transaction.

pany, its successors and assigns and Trimble Services, Inc., its successors and assigns, with joint maintenance and upkeep between the users thereof."

". . ."

"This right of way grant is subject to such rights as have been granted to Trimble Services, Inc., for the use of the subject premises by deed dated November 1, 1968." The agreement between McCreary Tire & Rubber and Evergreen Motors is recorded in a deed book filed at the Recorder's Office of Indiana County, Pennsylvania.

On May 16, 1970, Evergreen Motors conveyed two tracts of land to Evergreen Estates (the "first tract" included tract A). The deed also conveyed the right-of-way to Evergreen Estate by reciting: "Together with a certain right of way for the use of a 50-foot private street along the Southern line of the within described premises as conveyed to Evergreen Motors, Inc., by deed of McCreary Tire & Rubber Company, dated April 9, 1970 and recorded in the Recorder's Office of Indiana County, Pennsylvania. . . ."

Then on August 20, 1970, Evergreen Estates conveyed a small parcel of land (tract A) to Franchise Realty Interstate Corporation, "[t]ogether with the certain right of way to the grantees, its successors and assigns, for the use of this and other premises of the grantors herein being 50 foot [sic] in width as conveyed to Evergreen Motors, Inc. by deed of McCreary Tire & Rubber Company, dated April 9, 1970 . . . said right-of-way to be used in common with the Grantors and others."

Appellant avers that the above conveyances, beginning with McCreary Tire & Rubber's assignment of the right-of-way to Evergreen Motors, are invalid because they have unlawfully expanded what was ". . . created, designed and intended to be a private easement serving two parties into a public thoroughfare." Trimble also

states in the complaint that with the knowledge and consent of McCreary Tire & Rubber it developed tract D into a modern shopping center known as Regency Mall. The disputed easement was assertedly paved and graded so that the right-of-way became an integral part of the shopping center.

The gravamen of the complaint concerns Franchise's construction of a McDonald's Hamburgers drive-in restaurant on tract A. Initially, appellant attempted self-help by placing obstacles and barricades on the right-of-way to prevent unwarranted use of the property. With the onset of legal action, appellant contends that Franchise is attempting to secure a "free ride" on the right-of-way and to identify McDonald's with Regency Mall. This, it is averred, constitutes an unwarranted and illegal use of appellant's property amounting to a continuing trespass and nuisance because: "(a) heavy trucks, machinery and other traffic are constantly depositing large quantities of dirt, mud and other debris upon Plaintiff's property and the appurtenant right-of-way which by construction, has become part of the Regency Mall Shopping Center as aforesaid;

"(b) Plaintiff is put to unusual and considerable expense to keep the Regency Mall premises clean, presentable and in good repair;

"(c) Plaintiff is unable to provide and assure the quiet, peaceful use, possession and enjoyment of its leased premises as Plaintiff's tenants have rightfully demanded."

Based on the above averred facts, appellant claims to have no adequate remedy at law and requests the cancellation of the transactions between McCreary Tire & Rubber and Evergreen Motors, Evergreen Motors and Evergreen Estates, and Evergreen Estates and Franchise concerning the right-of-way. Appellant also prays for a permanent injunction against Evergreen Motors, Evergreen Estates, and Franchise, prohibiting them

from using the easement other than as an invitee of Trimble Services or McCreary Tire & Rubber. Finally, appropriate damages are sought.

The complaint named Evergreen Motors, Evergreen Estates, and Franchise as defendants. They filed preliminary objections stating appellant had failed to state a cause of action, the complaint contained conclusions of law, appellant had a complete remedy at law since the alleged cause of action seeks to determine ownership of a fee simple together with the right to use the easement, and appellant had failed to join an indispensable party defendant, the McCreary Tire & Rubber Company.

The chancellor sustained the preliminary objections, ruling portions of the complaint defective because they contained ". . . conclusions of fact, averments and conclusions of law, and matters which are immaterial or irrelevant to the Plaintiff's alleged cause of action. . . ." The court viewed the complaint as seeking injunctive relief arising from the right to the use of an easement and also stated appellant lacked clean hands because of its prior obstructions of the right-of-way. The bill was dismissed and this appeal ensued.

Appellant urges a bill in equity was proper to enjoin the enlargement, burdening, and conveying of the easement by McCreary Tire & Rubber and its assigns without appellant's consent. Appellant also takes issue with several portions of the chancellor's opinion, asserting the court did not limit its inquiry to the four corners of the complaint. Finally, appellant argues that while the complaint contains aspects of law, equity is the proper form of action.

It becomes our task to evaluate the complaint. In our view, the bill possesses two principal aspects. First, appellant is seeking to adjudicate the validity and extent of appellees' joint ownership of the easement. Trimble contends certain conveyances transferring in-

terests in the right-of-way are invalid and should be cancelled.

We agree with the chancellor that a complete and adequate remedy at law exists for this portion of the complaint. It has long been settled that equity is not the proper form of action to seek a determination of legal title to real property interests unless there is substantial agreement between the parties as to ownership. See *Wenrich v. Miller,* 418 Pa. 384, 211 A. 2d 450 (1965); *Kurman v. Philadelphia,* 416 Pa. 376, 206 A. 2d 9 (1965) (per curiam); *O'Dwyer v. Ream,* 390 Pa. 474, 136 A. 2d 90 (1957); *Rhea v. Forsyth,* 37 Pa. 503 (1861). However, we are aware of the salutary rule in *White v. Young,* 409 Pa. 562, 186 A. 2d 919 (1963), cited by the appellant to the effect that where the remedy at law is inadequate as to the part of the proceedings involving injunctive relief, a court of equity should hear the entire controversy in order to do complete justice and avoid piecemeal litigation. We therefore turn to appellant's injunctive request.

The sole facts supporting the request for injunction are the portions of the complaint quoted above concerning Franchise's "depositing [of] large quantities of dirt, mud, and other debris." According to the bill, what concerned appellant was the "unusual and considerable expense" of keeping the Regency Mall premises clean and presentable. Nowhere is it averred that patrons of the Mall were in any way prevented from entering the Shopping Plaza or inconvenienced by Franchise's activities.

Yet, it is the obstruction of the right-of-way or the imposition of some other type of interference preventing the easement owner from the full use of his passageway which renders a bill in equity the proper form of action. See e.g., *Bowers v. Myers,* 237 Pa. 533, 85 Atl. 860 (1912); *Manbeck v. Jones,* 190 Pa. 171, 42 Atl. 536 (1899). Courts have particularly stressed the perma-

nent or quasi-permanent character of the obstruction or other interference: "We are in no doubt as to the jurisdiction of the court. The injury complained of was of a permanent nature, and not reparable by an action of damages or ejectment. It is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature: Masson's Ap., 70 Pa. 26." *Miller v. Lynch,* 149 Pa. 460, 464, 24 Atl. 80 (1892). See generally Tiffany, Real Property §815 (1939) ; Restatement of Property, §510 (1944).

Franchise's deposits of dirt are not alleged to be permanent or semi-permanent. The sole injury to appellant appears to be monetary. No complaint is made of the fact that Franchise is causing large trucks to use the right-of-way, and there is no dispute over the location of the easement. Compare *Soltis v. Miller,* 444 Pa. 357, 282 A. 2d 369 (1971) (action in equity to determine whether right-of-way by necessity was limited to agricultural uses). In fact, appellant's underlying concern appears to be the erection of a neighboring hamburger stand which would be in competition with some of appellant's tenants in the Mall. However, as the complaint is now drawn, no allegation is made which would validly support the granting of equitable relief.

Thus, the preliminary objections were properly sustained because of the existence of an adequate remedy at law, for ". . . [i]t is well settled in Pennsylvania that a suit in equity will not lie where a plain, adequate and complete remedy at law may be had. Meehan v. Cheltenham Twp., 410 Pa. 446, 189 A. 2d 593 (1963)." *Stuyvesant Insurance Company v. Keystate Insurance Agency, Inc.,* 420 Pa. 578, 580-81, 218 A. 2d 294, 296 (1966). But the chancellor erred in dismissing the complaint. Rule 1509(c) of the Pennsylvania Rules of Civil Procedure provides: "The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the ob-

jection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived." Clearly appellant has made out a case which raises an issue of whether it was entitled to compensatory damages. The matter should therefore under Rule 1509(c) and our recent decisions have been transferred to the law side for disposition. See *Setlock v. Sutila*, 444 Pa. 552, 282 A. 2d 380 (1971); *Holiday Lounge, Inc. v. Shaler Enterprises Corp.*, 441 Pa. 201, 272 A. 2d 175 (1971); *Siegel v. Engstrom*, 427 Pa. 381, 235 A. 2d 365 (1967); *Wilson v. King of Prussia Ent. Inc.*, 422 Pa. 128, 221 A. 2d 123 (1966); *Hampsey v. Duerr*, 401 Pa. 578, 166 A. 2d 38 (1960). See generally Goodrich-Amram, Standard Pennsylvania Practice §1509(c)-2 (Supp. 1971).

Accordingly, the decree of the Court of Common Pleas of Indiana County is modified to direct the certification of this matter to the law side of the court for further proceedings, and as so modified is affirmed. Each party to bear own costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.