**Township of Lower Saucon v. Kuss**

*Bernard V. O'Hare*, for plaintiff.

*Robert Donattelli* and *Allan B. Goodman,* for defendant.

GRIFO, J., May 21, 1973.—This case is before the court pursuant to a complaint in equity filed by plaintiff, Township of Lower Saucon (hereinafter referred to as "township"). The relief prayed for is a preliminary mandatory injunction, along with damages and other equitable relief deemed proper by this court, against Stephen and Fanci Kuss, defendant property owners, requiring the removal of certain obstructions to the drainage of rainwater from township and state roads.

### FINDINGS OF FACT

1. Plaintiff, Township of Lower Saucon, is a municipal corporation.

2. Defendants, Stephen and Fanci Kuss, are individuals residing at Wydnor, Lower Saucon Township, Northampton County, Pa.

3. Defendants, in 1966, purchased a tract of real estate situated in the township, and bounded on its easterly side by a public township road, known as Old Bethlehem-Philadelphia Road (hereinafter referred to as "township road").

4. In the Fall of 1971, defendants requested, and were granted, a permit by the township for the construction of a home on their land. The home was completed in April of 1972.

5. The township road runs from its intersection with Pa. Route 191, in the township, in a southerly direction, generally paralleling Route 191, and descending in grade from north to south.

6. At some time during the period of 1936 to 1937, pipes, for the drainage of water from the road surfaces, were installed under Route 191 and the township road.

7. The drainage pipes, which run in an east to west direction, carried the waters, collected in a catch basin, to a point on defendants' property, continuously from the time of their installation.

8. At the point of deposit of the water, there was a natural ravine down through which the water ran until it dispersed into a creek.

9. On or about May 15, 1972, defendants constructed on their property, and adjacent to the township road, a cement catch basin, drainage pipe, and cement trough.

10. The effect of the new basin, drainage pipe and trough is to divert the surface waters back onto the township road, thereby preventing their deposit on defendants' land.

11. At some time earlier, defendants changed the contour of their land by means of bulldozing, to facilitate drainage fields for the septic system installed for the newly constructed home.

12. The bulldozing destroyed the natural ravine through which the waters, formerly deposited, drained down to a creek.

13. As a result of the diversion of the storm water by defendants, great quantities of water are deposited on the township road, which have begun to cause erosion to the road, and flooding of properties south of defendants' property.

14. Plaintiff township maintains that the condition resulting from the above-described alterations constitutes a nuisance which defendants, after notice, have refused to abate.

15. The use made of defendants' land by plaintiff was open and notorious.

16. The use made of defendants' land by plaintiff was adverse and under claim of right for the prescriptive period.

17. Plaintiff has established title by prescription to an easement for artificial drainage upon the defendants' land.

## DISCUSSION

Before turning to a discussion of the issues involved, it is first necessary to set out the proper scope of our powers as a court of equity. "It is the proper function of a chancellor to resolve . . . doubtful questions in the light of the evidence": Mazaika v. Krauczunas, 229 Pa. 47, 77 Atl. 1102 (1910). "Each case where equitable relief is asked must be decided . . . upon the facts and equities involved": Kern v. Greensweig, 125 Pa. Superior Ct. 430, 190 Atl. 182 (1937). With these ideas in mind, that we sit as the finder of fact from the evidence adduced, including the power to pass upon the credibility of witnesses, we turn to a consideration of the issues involved.

The issues presented to this court for decision are whether there exists, on the part of the township, title to an easement, by prescription, for the drainage of the township road and Route 191; and, if there does exist such an easement, is the township's right of use being interfered with.

"Title by prescription has its foundation in the presumption of a grant arising from the long continued use or possession of some right of common or other profit or benefit to be taken from or upon the land of another. Accordingly, the use must be such as to indicate that it is claimed as a right and is not the effect of indulgence or anything short of a grant: Gibbs v.

Sweet, 20 Pa. Superior Ct. 275, 284. Mere user, no matter how long continued, will not give title. In order to give title the right must not only have been enjoyed without interruption for twenty-one years, but the enjoyment must have been adverse to the rights of the owner of the land; Bennett v. Biddle, 140 Pa. 396, 404. Open, notorious and uninterrupted user for a period of twenty-one years will be presumed to have been in pursuance of a full and unqualified grant, in the absence of evidence of some license, indulgence or some special contract inconsistent with the right claimed: Pierce v. Cloud, 42 Pa. 102, 114": Shinn v. Rosenberger, 347 Pa. 504, 32 A. 2d 747 (1943).

From the facts of this case, we can determine, in accordance with the above criteria, whether or not the township's claim of right to drain the surface waters on to defendants' land has risen to the quality of an easement.

That the use made of defendants' land by plaintiff was open and notorious, i.e., apparent, there can be no doubt. Several witnesses testified to their personal observations, and knowledge, over the required number of years, of the drainage of storm water on to defendants' land. Defendant-husband himself testified to his observation of the pipe leading on to his land, although he denied ever observing water emanating from it.

To establish an easement by prescription, the user must be, for 21 years, uninterrupted and continuous. It is claimed by defendants that the use, in this case, was interrupted before the running of the prescriptive period by reason of the pipe's being clogged. There was conflicting testimony on both sides of the case as to the clogging of the pipe leading on to defendants' land. We find that whatever clogging might have occurred was not of such a nature as to interrupt the running of the prescriptive period.

"It is of course open and visible; a structure of this kind necessarily is. At common law it was not treated as continuous, however, because its physical use depends on the act of man: Jones on Easements, 119, 120. Under that rule, a private road, no matter how much traveled, would not be a continuous easement, while a drain, however infrequently used, was always held to be so. By the civil law, however,—which we early followed on this particular subject (Kieffer v. Imhoff, supra)—a broader and more sensible rule obtains, for the test of a continuous easement is whether or not it is of a nature adapted to continuous use": Nauman v. Treen Box Co., 280 Pa. 97, 124 Atl. 349 (1924).

Finally, as to the issue of adversity, the burden cast upon plaintiff is eased by the following presumption:

"It is the general rule, in this connection, that proof of an open, notorious, continuous and uninterrupted user for the prescriptive period, without evidence to explain how it began, raises a presumption that is adverse and under a claim of right, and casts on the owner of the servient tenement the burden of showing that the user was permissive or by virtue of some license, indulgence, or agreement, inconsistent with the right claimed": 12 P. L. Encyc. 469, 470, easements §18.

There being no evidence on defendants' side as to the origin of the user by the township, we find that the requirement of showing that the user is adverse and under claim of right, for the prescriptive period, has been met.

There is, of course, no question of the public's right to acquire an easement by prescription: Wampler v. Shenk, 404 Pa. 395, 172 A. 2d 313 (1961), or of the fact that it passes, as a servitude upon the land, even though not specifically mentioned in the instrument of transfer: Predwitch v. Chrobak, 186 Pa. Superior Ct. 601, 142 A. 2d 388 (1958). There is no claim of abandonment.

"The notorious, continuous and adverse use of artificial drainage rights for a period of twenty-one years may give rise to a prescriptive right": Eshleman v. Martic Township, 152 Pa. 68, 25 Atl. 178 (1892). We find that such a right, on the part of the township, has been established.

" [The] (owners', of a servient estate) right to use the premises must be exercised in a manner consistent with the existing easement. They may use it as they choose but may not interfere with the proper and reasonable use by [the owners] of their dominant right": Taylor v. Heffner, 359 Pa. 157, 58 A. 2d 450 (1948).

We find that defendants' actions have substantially interfered with the township's rights to the proper and reasonable use of the prescriptive easement for drainage.

As to the proper remedy:

"The owner of an easement is not restricted to an action at law for damages for interference with his rights, but may obtain an injunction against interference or threatened interference with his rights, and a court may abate an obstruction as a nuisance": 12 P.L.Encyc. 486, §37.

And further,

" 'We are in no doubt as to the jurisdiction of the court. The injury complained of was of a permanent nature, and not reparable by an action of damages or ejectment. It is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature": Trimble Services, Inc. v. Franchise Realty Interstate Corp., 445 Pa. 333, 285 A. 2d 113 (1971).

And finally, while it is true that a court of equity cannot assume jurisdiction where the legal right relied on by plaintiff is in doubt.

" 'In our present case defendants in no way undertook their burden to show that plaintiff's rights were

permissive and terminable. They offered no evidence on this point although the evidence offered by plaintiff as to use was extensive and convincing.' Where the right to an easement is clear and there is no serious dispute as to any of the material facts, equity will assume jurisdiction": Klavon v. Tindall, 180 Pa. Superior Ct. 408, 119 A. 2d 554 (1956).

## CONCLUSIONS OF LAW

1. The parties are properly before the court, and the court has jurisdiction of the subject matter.

2. Plaintiff township is the owner of a prescriptive easement for drainage over the land of defendants.

3. Defendants, by the construction of a catch basin, pipe, and trough, have substantially interfered with plaintiff's rights to proper and reasonable use of the easement for drainage.

Therefore, the court enters the following

## DECREE NISI

And now, to wit, this May 21, 1973, defendants are hereby, and forthwith, ordered to cease and desist from diverting the storm water draining upon their land.

The prothonotary shall enter this as a decree nisi, Costs to be paid by defendants.