## Hall v. Moon Valley Park, Inc.

*Finan, Beecher, Wagner & Rose,* for plaintiffs.

*Kravitz, Sigal & Ridley,* for defendant.

WILLIAMS, P. J., August 26, 1974.—Plaintiffs filed a complaint in equity alleging that Francis F. Kern et ux. acquired certain lands on September 9, 1949; that plaintiffs acquired a portion of these lands from Francis F. Kern et ux. by deed dated July 3, 1961, and recorded the same day in the Recorder of Deeds' Office of Pike County. This deed granted to plaintiffs, their heirs and assigns, a right-of-way in and upon a private road extending from a township road, and along the northwest boundary of the premises conveyed by the deed. They allege that at the time of the conveyance there existed along the route of the aforesaid private road a bridge crossing Vandermark Creek; that the private road as well as the bridge were used by plaintiffs when possible; that it is impossible to use the private road without crossing the bridge.

The complaint further alleges that on May 1, 1965, Ethel H. Kern, widow, conveyed to defendant the land she and her deceased husband had acquired on September 9, 1949, excepting from the operation

thereof the lands heretofore conveyed to plaintiffs; that defendant in the spring of 1969 removed the bridge over the private road and placed a chain across the road, thus forcing plaintiffs to use an alternate, dangerous and difficult route to their property.

The relief sought is:

1. That defendant be required to replace the bridge;

2. That defendant be required to maintain the bridge; and

3. General relief.

Defendant filed the following preliminary objections:

1. "Complaint does not state a cause of action . . . because the Plaintiffs have a full, adequate and complete nonstatutory remedy at law";

2. That, as a matter of law, defendant has no obligation to maintain, construct or replace the bridge;

3. The complaint does not allege that plaintiffs have no adequate remedy at law; and

4. Laches.

Defendant requests that the case be certified to the law side of the court.

Within 10 days after filing of the preliminary objections, plaintiffs filed an amended complaint in which it is alleged that plaintiffs do not have an adequate remedy at law. Under this circumstance, it is not necessary to consider preliminary objection no. 3 and it will be dismissed.

## OBJECTION NO. 1

This objection raises a jurisdictional issue in that it asserts that defendant has a nonstatutory remedy at law. It does not state the nature of that remedy or

any reasons in support of the objection. In Brennan v. Smith, Secretary of the Department of Labor and Industry, et al., 6 Comm. Ct. 342, 344 (1972), the Commonwealth filed preliminary objections consisting inter alia of a demurrer alleging that the complaint failed to state a cause of action; a petition raising a question of jurisdiction and a motion to strike scandalous and impertinent matter. The court dismissed the demurrer, stating it violated Rule 1028(a) of the Pennsylvania Rules of Civil Procedure which provide that "[p]reliminary objections shall state specifically the grounds relied upon."

While defendant's brief and oral argument discloses the contention that the litigation involves the determination of the title to real estate which must be determined on the law side of the court, the assertion in the brief of such a reason for lack of equity jurisdiction does not cure the failure to set it forth in the preliminary objections. As said in Brennan v. Smith et al., supra, page 345:

"The arguments made by the defendants in support of the demurrer, both orally and in their brief, must be ignored by us since they violate the rule against 'speaking demurrers.' "

Looking to the merit of defendant's position, we think it premature for the court to determine the issue of jurisdiction. Defendant in its brief and oral argument states:

"CONCLUSION:

"Although the obstruction of a right-of-way or the imposition of some other type of interference preventing the easement owner from the full use of his passageway renders a bill in equity the proper form of action, the Court has no jurisdiction in equity to determine the Plaintiffs' title, in the case at bar, to the

right-of-way. It is only where there is no substantial dispute that equity can determine legal title to real property."

This statement correctly states the law: Klavon v. Tindall et ux., 180 Pa. Superior Ct. 408 (1956); Lackawanna Ice Company et al. v. Weingartner, 328 Pa. 362 (1938); Township of Lower Saucon v. Kuss, 60 D. & C. 2d 603 (1973).

We do not believe that at this stage there exists a substantial dispute as to plaintiffs' allegation that they do own the right-of-way claimed in the complaint. Their deed specifically grants such a right-of-way and there is no denial of such ownership on the record.

As was said in Klavon v. Tindall et ux., supra:

"Where the right to an easement is clear and there is no serious dispute as to any of the material facts, equity will assume jurisdiction. Hunter v. McKlveen, 353 Pa. 357, 45 A. 2d 222. Pertinent and applicable here is the following statement by the late Judge Dithrich in Overly v. Hixson, 169 Pa. Superior Ct. 187, 193, 82 A. 2d 573: 'It is true that equity has no jurisdiction to restrain by injunction a trespass of a permanent nature, such as the obstruction of a right-of-way, where the  legal right relied on by plaintiffs is in doubt. In that case the right must first be determined in an action at law. Lackawanna Ice Co. v. Weingartner, 328 Pa. 362, 195 A. 893; Drum v. Dinkelacker, 79 Pa. Superior Ct. 91. But where the right is clear and there is no serious or substantial dispute as to the material facts, a court of equity may exercise its power without a prior adjudication at law. Piro v. Shipley, 211 Pa. 36, 60 A. 325. To oust the jurisdiction of equity "It is not enough for the defendant to deny the plaintiff's right; his denial must be based upon facts which show a substantial dispute." Miller v.

Lynch, 149 Pa. 460, 464, 24 A. 80.' We are all agreed appellants have failed to show any basis upon which to oust the jurisdiction of the chancellor."

Until a responsive answer to plaintiffs' complaint is filed, this court has no factual basis on which to base a finding that a substantial dispute as to title exists.

## OBJECTION NO. 2

This objection reads:

"The cause of action set forth in the Complaint relates to a right of way and as a matter of law the Defendant has no obligation to provide, maintain, construct or replace the bridge over the stream along said right-of-way."

We cannot conclude from the present pleadings what obligation, if any, defendant may have to provide maintenance for the bridge. However, if the evidence establishes that defendant wrongfully removed the bridge, equity has jurisdiction to order defendant to replace the bridge in the state it existed prior to its removal.

The ultimate decision will be determined by facts and circumstances which, at the present stage of the proceedings, are undeveloped.

When a responsive answer is filed to the complaint the factual disputes will be determined and either party will then be in a position to ask for certification of any dispute as to title to the law side of the Court.

## LACHES

Defendant seeks a dismissal of the action because of alleged laches on the part of plaintiffs. It is asserted that plaintiffs slept on their alleged rights for

a period of three years prior to the time they filed their complaint. The preliminary objections do not contain any allegation that the delay in bringing suit in any manner prejudiced defendant. Neither does the complaint show on its face that defendant was prejudiced by any delay in filing of the suit.

In Siegel v. Engstrom, 427 Pa. 381, 386 (1967), the Supreme Court stated:

"We said, in Wilson v. King of Prussia Ent., Inc., 422 Pa. 128, 133, 221 A. 2d 123 (1966): 'The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice. See Brodt v. Brown, 404 Pa. 391, 172 A. 2d 152 (1961) and Lutherland, Inc. v. Dahlen, 357 Pa. 143, 53 A. 2d 143 (1947). The question of laches is factual and to be determined by an examination of the circumstances: Mulholland v. Pitts. Nat. Bank, 418 Pa. 96, 202 A. 2d 857 (1965).'"

That there was a delay in bringing action for three years is not conclusive. The delay must have been prejudicial to defendant. There is nothing to show that the position of defendant has been injured by delay. This being true, the complaint may not be dismissed on the ground of laches.

ORDER

And now, August 26, 1974, the preliminary objections are dismissed in their entirety and defendant is given 20 days to file an answer to plaintiffs' complaint.