## Heller v. South Williamsport Borough

*Clinton Smith,* for plaintiffs.
*Robert C. Wise,* for defendant.

RAUP, *J.,* January 14, 1976—Before the court are defendant's preliminary objections to the complaint. This action was filed in equity, alleging that plaintiffs are the owners of land abutting a proposed section of Curtin Street in the Borough of South Williamsport which defendant-borough "is in the process of opening." The complaint alleges, generally, that the borough is without power to open the section of roadway unless eminent domain proceedings are undertaken. The complaint requests an injunction against the borough, restraining the opening of the street and requiring restoration to the condition existing prior to work already performed.

Defendant initially demurs to the complaint on the ground that it fails to state a cause of action. The complaint makes reference to section 1724 of The Borough Code which provides, in pertinent part that:

"Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period of twenty-one years, such street shall not thereafter be opened without the consent of all of the owners of the abutting real estate": Act of February 1, 1966, 53 P.S. §46724, P.L. (1965), 1656 (No. 581), sec. 1724.

Defendant contends that plaintiffs failed to allege that the roadway was not opened to, or used by, the public for 21 years since it was laid out, thereby requiring the consent of all abutting owners. The court considers that such an allegation is

implied in the language of paragraph six of the complaint.

Defendant next contends that the complaint reveals that plaintiffs have a full, complete and adequate remedy at law, to-wit: to pursue their rights under the Eminent Domain Code of June 22, 1964, Sp. Sess., P.L. 84, sec. 101, et seq., 26 P.S. §1-101, et seq. It is true that defendant-borough has the power of eminent domain, and that a de facto condemnation can occur where the condemning authority proceeds with a taking without following the prescribed condemnation procedures. However, nothing in the Eminent Domain Code would limit the condemnee to such a remedy. In the code, the legislature has set forth a comprehensive procedure which condemning authorities are expected to follow, including the filing of a declaration of taking, the giving of a detailed notice to the condemnee, a right on the part of the condemnee to file preliminary objections to the taking within 30 days from the date thereof, etc. Where the condemnor proceeds with a de facto condemnation, the condemnee clearly has a right to seek equitable relief from the court in the form of an order requiring the agency to follow the eminent domain procedures.

The remaining issue raised by the preliminary objections is that the ultimate issue involved in this case is the title to land, which is not a proper subject for the exercise of equitable jurisdiction by the court. The pleadings are not sufficiently complete at this stage for the court to know whether an issue of title is involved, although it is noted that defendant states in the preliminary objections that it will assert a property right in the section of road in question.

"It has long been settled that equity is not the proper form of action to seek the determination of legal title to real property interests unless there is substantial agreement between the parties as to ownership . . . However, we are aware of the salutary rule in White v. Young, 409 Pa. 562, 186 A.2d 919 (1963), cited by the appellant to the effect that where the remedy at law is inadequate as to the part of the proceedings involving injunctive relief, a court of equity should hear the entire controversy in order to do complete justice and avoid piecemeal litigation": Trimble Services, Inc. v. Franchise Realty Interstate Corp., 445 Pa. 333, 341, 285 A.2d 113 (1971).

Where the injury to the disputed land would be of a permanent or quasi-permanent character, the courts have held that there is sufficient interest for the court to exercise its equity jurisdiction. Where it is alleged that a municipality is constructing a road over plaintiffs' land without following the prescribed legal procedures, there is a sufficient allegation of interference with property rights of plaintiffs to warrant exercise of the court's equity jurisdiction. This being so, the court will hear the entire controversy.

Accordingly, the objections of defendant will be denied.

## ORDER

And now, January 14, 1976, for the reasons set forth in the foregoing opinion, the preliminary objections are denied, and defendant is allowed 20 days from the date of this order to file an answer.